[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION IN RE: DEFENDANT'S MOTION FOR ATTORNEY'S FEES
The defendant in the above-entitled matter has filed a motion for attorney's fees as a result of his successful defense of a claim for child custody filed by his ex-girlfriend, the plaintiff. The court heard testimony from the parties on April 6 and 7, 2000 and denied the plaintiff's application for a restraining order including custody of the minor child pursuant to the provisions of Section 46b-15. The court has CT Page 5953 jurisdiction to consider an award of attorney's fees against the plaintiff pursuant to the provisions of Connecticut General Statutes Section 46b-62, 46b-1, and 46b-15. The court must determine whether reasonable attorney's fees shall be awarded to the defendant in accordance with the respective financial abilities of the plaintiff and defendant and the criteria set forth in Section 46b-82 of the Connecticut General Statutes.
On April 28, 1998 the parties appeared with the defendant submitting exhibits consisting of the 1998 and 1999 tax returns of the plaintiff and her husband, the 1999 tax return of the defendant and an affidavit of counsel fees'. The parties also submitted financial affidavits and oral argument.
The defendant contended in oral argument that the plaintiff grossly overstated deductions arriving at net income for the tax return of 1998 and 1999. The defendant further attributed all of the income on lines 33 of the tax return to the plaintiff when the evidence clearly indicates she operates a business with her husband and files joint tax returns with the Internal Revenue Service. The defendant submitted no evidence to indicate that the amounts of the income and/or deductions to the plaintiff's business were improper or contrary to law.
The court's review of the financial affidavits of both the plaintiff and defendant submitted at the court hearing on April 28, 1999 further show that the plaintiff and defendant are without any sufficient liquid funds to pay attorney's fees. Furthermore, based on the financial affidavits and tax returns submitted, the plaintiff's annual net income from his trucking business exceeds one-half of the income obtained by the plaintiff and her present husband from their family business. She testified previously at trial that both she and her husband operate their limousine and moving service. The court has also heard no evidence from either party as to his or her ability to earn more, the same or less income in the future.
The court has considered all of the statutory factors of Section 46b-82
and the respective ability of the plaintiff and defendant to presently pay attorney's fees now and in the future. Based upon the statutory criteria set forth above and our common law, the court denies the defendant's request for attorney's fees. Viaiuso v. Viaiuso,2 Conn. App. 141 (1984) and Anderson v. Anderson, 191 Conn. 46 (1983).
James J. Devine, J.